Mildred K. O'Linn, Esq. (State Bar No. 159055)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
23rd Floor at Figueroa Tower
660 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com

Attorneys for Defendant,
TASER™ INTERNATIONAL, INC.

**FILED**

2006 NOV -8 A 10: 09

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

By FAX

ELVIRA TERAN, an individual; STEPHANIE LIZAOLA, As Guardian Ad Litem For: ANGELA ALYSSA TERAN, a minor child, JENNIFER LISETTE TERAN, a minor child; and BRIANA ISABEL TERAN, a minor child, JAIME TERAN CORONEL, DECEDENT, by and through his successor in interest, STEPHANIE LIZAOLA

    Plaintiffs,

vs.

COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; TASER INTERNATIONAL, INC., An Arizona Corporation, AND DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

Case No.: 06-6947-PVT

EXHIBIT "A" TO THE NOTICE OF REMOVAL ACTION; UNDER 28 U.S.C. §1441(b) FILED WITH THE COURT

G:\docsdata\MKO\Teran\Pleadings\Removal\Exhibit A to Notice of Removal.001.Fed.wpd

1

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

OCT 10 2006  *Received*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; TASER INTERNATIONAL, INC., An Arizona Corporation; AND DOES 1 THROUGH 50, INCLUSIVE,

**FILED**

SEP 2 2 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
J. NICHOLSON

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELVIRA TERAN, an individual; STEPHANIE LIZAOLA, As Guardian Ad Litem For: ANGELA ALYSSA TERAN, a minor child, JENNIFER LISETTE TERAN, a minor child; and BRIANA ISABEL TERAN, a minor child, JAIME TERAN CORONEL, DECEDENT, by and through his successor in interest, STEPHANIE LIZAOLA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of Monterey County
1200 Aguajito Road
Monterey, CA 93940

**CASE NUMBER:** *(Número del Caso):* M 80940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Liberty (136088)   (650) 685-8085   (650) 685-8086
LAW OFFICE OF MICHAEL D. LIBERTY
1290 Howard Avenue, Suite 303
Burlingame, CA 94010

DATE: SEP 2 2 2006   LISA M. GALDOS   Clerk, by J. NICHOLSON _____, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

LAW OFFICE OF MICHAEL D. LIBERTY
Michael D. Liberty, Esq. (Bar No. 136088)
1290 Howard Avenue, Suite 303
Burlingame, California 94010
Telephone:  (650) 685-8085
Facsimile:  (650) 685-8086

Attorney for Plaintiffs

**FILED**

SEP 18 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
J. RODRIGUEZ

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| ELVIRA TERAN, an individual; STEPHANIE LIZAOLA, As Guardian Ad Litem For: ANGELA ALYSSA TERAN, a minor child, JENNIFER LISETTE TERAN, a minor child; and BRIANA ISABEL TERAN, a minor child, JAIME TERAN CORONEL, DECEDENT, by and through his successor in interest, STEPHANIE LIZAOLA;<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; TASER INTERNATIONAL, INC., An Arizona Corporation, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | No.   M  80940<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION |

Plaintiffs Elvira Teran and Stephanie Lizaola, As Guardian Ad Litem for: Angela Alyssa Teran, a minor child, Jennifer Lisette Teran, a minor child, and Briana Isabel Teran, a minor child, allege as follows:

1

1. On January 31, 2006 when Jaime Teran Coronel was 27 years old, he died at Salinas Valley Memorial Hospital in Monterey County, California. The death was caused by the excessive force used by the Sheriffs' Department of Monterey County, which also wrongfully utilized a Taser Gun on Mr. Coronel on January 24, 2006, causing his death. The death was also caused by the Taser being a defective product known to unreasonably cause injury and death on the recipients of its lethal electric shocks. Taser guns are capable of delivering 50,000 volts of electricity to the body.

2. Decedent JAIME TERAN CORONEL was an individual residing in Castroville, California. JAIME TERAN CORONEL died on January 31, 2006 in Salinas Valley Memorial Hospital, Monterey County, California. A true and correct copy of Jaime Coronel's Death Certificate is attached hereto as Exhibit A and incorporated by reference.

3. ELVIRA TERAN is the mother of JAIME TERAN CORONEL, residing in Castroville, California. She is the mother, lawful heir and the lawful successor in interest to JAIME CORONEL.

4. Plaintiff Angela Alyssa Teran, a minor child, is the daughter of JAIME CORONEL. She is represented in this lawsuit by her guardian ad litem, and mother Stephanie Lizaola. Stephanie Lizaola was not married to JAIME TERAN CORONEL.

5. Plaintiff Jennifer Lisette Teran, a minor child, is the daughter of JAIME CORONEL. She is represented in this lawsuit by her guardian ad litem, and mother Stephanie Lizaola.

6. Plaintiff Briana Isabel Teran, a minor child, is the daughter of JAIME CORONEL. She is represented in this lawsuit by her guardian ad litem, and mother Stephanie Lizaola.

2

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

7. Angela Alyssa Teran, Jennifer Lisette Teran, and Briana Isabel Teran are the legal heirs of JAIME TERAN CORONEL and have the legal right through their guardian ad litem to maintain this lawsuit for, inter alia, wrongful death.

8. Defendant COUNTY OF MONTEREY is a political subdivision of the state of California.

9. Defendant COUNTY OF MONTEREY SHERIFF'S DEPARTMENT is the local sheriff's department for the County of Monterey.

10. Doe Defendant Nos. 1 through 10 are Monterey County Sheriff deputies or officers who caused the death of JAIME TERAN CORONEL.

11. Defendant TASER INTERNATIONAL, INC. and/or Doe Defendants nos. 11 through 20 are Arizona corporations doing business in the County of Monterey, California by supplying defendant COUNTY OF MONTEREY SHERIFF'S DEPARTMENT with Taser guns. TASER INTERNATIONAL, INC. sold the Taser guns at issue in this lawsuit.

12. Plaintiffs have properly complied with timely presentation of this claim under the government claims requirement of Government Code section 911.2. On August 22, 2006, The County of Monterey denied the claim.

13. The true names and capacities, whether corporate, individual, partnership or otherwise of defendants named in this complaint as Does 1 through 50 are unknown to PLAINTIFFS and for that reason PLAINTIFFS sue them by the fictitious names. PLAINTIFFS are informed and believe and thereon allege that each of the Doe defendants is legally or otherwise responsible in some manner for the actions alleged in this complaint and PLAINTIFFS'S damages were proximately caused by the Doe defendants' acts. PLAINTIFFS allege that each of the defendants, including the Doe defendants, is

3

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

jointly and severally liable as principal, agent, employer, partner or alter-ego of each of the remaining defendants and was, in performing the acts complained of in this complaint, acting at least partially within the scope of that agency, employment, partnership or alter-ego authority. Reference herein to "defendants" and/or "DEFENDANTS" shall include Does 1 through 50, inclusive.

## FACTUAL ALLEGATIONS

14. On January 24, 2006, several deputies, named herein as Doe Defendants Nos. 1 through 10, from the Monterey County Sheriff's Department responded to a telephone call from a neighbor and discovered decedent Jaime Teran Coronel, a 27-year-old male, on a rooftop in the 11300 block of Del Monte Avenue, Castroville, CA.

15. On information and belief, one of the deputies shouted commands for Mr. Coronel to come down from the roof. On information and belief, several deputies climbed on the roof to confront and attack Mr. Coronel.

16. The deputies did so confront and assault Mr. Coronel. The deputies deployed their Taser Guns, manufactured by Taser International, Inc., jolting him at least twice with several thousand volts of electricity. Mr. Coronel was repeatedly struck with the Tasers and was otherwise wrongfully assaulted and struck.

17. On information and belief, after being jolted by the Taser, Mr. Coronel stopped breathing and went into cardiac arrest. Mr. Coronel was taken to Salinas Valley Memorial Hospital and remained there in a vegetative state for several days before being taken off of life-support system. He died shortly thereafter, due to the conduct of the Sheriff's actions, of the use of excessive force and by being jolted with defective and dangerous Taser guns.

4

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

18. Mr. Coronel died on Tuesday, January 31, 2006 as a direct and proximate cause of the actions of the Sheriffs and of the defective and dangerous Taser guns.

19. Mr. Coronel was shot at least twice with a Taser stun gun while struggling with deputies. Coronel immediately went into cardiac arrest, was taken to Salinas Valley Memorial Hospital comatose and was ultimately taken off life support systems and died about 1:30 p.m. on January 31, 2006.

20. His death, and plaintiffs' damages, were legally and proximately caused by defendants' conduct.

### FIRST CAUSE OF ACTION

(NEGLIGENCE AGAINST COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT AND DOES 1 THROUGH 10, INCLUSIVE).

21. Plaintiffs hereby incorporates by reference paragraphs 1 through 20, inclusive of this Complaint, as though fully set forth hereinafter.

22. Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10 and their agents and employees were at all times under a duty to act reasonably, to use reasonable force, with due care and without negligence, and to act in such a manner as reasonably prudent persons would act under similar circumstances in the apprehension, control and arrest of Jaime Coronel and in the reasonable use of the Taser guns. Defendants County Of Monterey, Monterey County Sheriff's Department were also under a legal duty to train and supervise their officers in the reasonable use of Taser guns on members of the public. They failed to do this.

23. Defendants County Of Monterey, Monterey County Sheriff's

5

Department and Does 1 through 10 breached those duties by virtue of the acts described herein.

25. As a direct and proximate result of the acts, omissions, carelessness, wrongful conduct and unlawfulness of defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10, Jaime Coronel was injured and died, causing damages to plaintiffs.

WHEREFORE, PLAINTIFFS pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

(ASSAULT AND BATTERY AGAINST COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE)

26. Plaintiffs hereby incorporate by reference paragraphs 1 through 25, inclusive of this Complaint, as though fully set forth hereinafter.

27. By their conduct set forth in this complaint, Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10 did wrongfully assault and/or batter Jaime Coronel, who was injured and died, causing damages to plaintiffs.

WHEREFORE, PLAINTIFFS pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

(VIOLATIONS OF CIVIL RIGHTS (42 USC SECTION 1983) AGAINST COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE)

28. Plaintiffs hereby incorporate by reference paragraphs 1 through 27, inclusive of this Complaint, as though fully set forth hereinafter.

29. Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10 acted, under color of a statute,

6

ordinance, regulation, custom, or usage, of California, and subjected, or caused to be subjected, Jaime Coronel, a citizen of the United States, to the deprivation of his rights, privileges, and/or immunities secured by the Constitution and laws, and are therefore liable to Jaime Coronel and plaintiffs in an action at law under 42 U.S.C., §1983.

30. By their conduct set forth in this complaint, Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10 did wrongfully assault and/or batter Jaime Coronel, who was injured and died, causing damages to plaintiffs.

WHEREFORE, PLAINTIFFS pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION

(WRONGFUL DEATH AGAINST COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE)

31. Plaintiffs incorporate by reference paragraphs 1 through 30 as set forth fully hereinafter.

32. As a direct result of the conduct of Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10, acts or omissions of defendants, Jaime Coronel died.

33. The death of Jaime Coronel was proximately caused by the conduct, acts or omissions of defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10, through their wrongful acts or neglect.

34. The death of Plaintiffs has caused pecuniary or compensable loss to plaintiffs, the lawful heirs of Jaime Coronel as defined in Code of Civil Procedure section §377.10 et seq; to wit, Plaintiffs Elvira Teran and Stephanie Lizaola, As Guardian Ad Litem for: Angela Alyssa Teran, a minor child, Jennifer Lisette Teran, a minor child,

7

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

and Briana Isabel Teran, a minor child.

WHEREFORE, PLAINTIFFS pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION

(STRICT PRODUCTS LIABILITY AGAINST TASER INTERNATIONAL, INC. AND DOES 11 THROUGH 20, INCLUSIVE)

35. Plaintiffs incorporate by reference paragraphs 1 through 34 as set forth fully hereinafter set forth.

36. TASER INTERNATIONAL, INC. and/or Does 11 through 20 so negligently and carelessly designed, manufactured, constructed, inspected, assembled, and/or sold the Taser guns product to defendants County Of Monterey and Monterey County Sheriff's Department for use of the guns to forcibly restrain members of the public.

37. Defendants County Of Monterey, Monterey County Sheriff's Department and Does 1 through 10 did so use the Taser guns on Jaime Coronel.

38. The subject Taser guns failed to perform as safely as an ordinary consumer would expect.

39. The Taser guns reached County Of Monterey and Monterey County Sheriff's Department without substantial change in their condition.

40. The Taser guns were used by County Of Monterey and Monterey County Sheriff's Department in the manner intended and/or was used in a reasonably foreseeable manner.

41. Jaime Coronel was injured and killed as a result of a defect in the Taser guns, which were products, of which County Of Monterey and Monterey County Sheriff's Department were not aware, making the Taser guns unsafe for their intended use.

42. The defect or defects existed in the manufacture or design of

8

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

the Taser guns and such defect or defects were a proximate or legal cause of the death of Jaime Coronel and the damages suffered by plaintiffs.

WHEREFORE, PLAINTIFFS pray for judgment as set forth below.

### SIXTH CAUSE OF ACTION

(NEGLIGENCE AGAINST TASER INTERNATIONAL, INC. AND DOES 11 THROUGH 20, INCLUSIVE)

43. Plaintiffs incorporate by reference paragraphs 1 through 42 as set forth fully hereinafter.

44. Defendants were at all times under a duty to Jaime Coronel and plaintiffs to manufacture, sell, market, test, distribute, and educate law enforcement on the risks and benefits of, Taser guns, and ensure that the guns were safe for law enforcement officers to use on members of the public such as Jaime Coronel, to do so with due care and without negligence, and to act in such a manner as a reasonably prudent company would act under similar circumstances.

45. Defendant Taser International, Inc. owed Jaime Coronel and plaintiffs a duty of ordinary care.

46. Defendant Taser International, Inc. breached that duty by virtue of the acts described herein.

47. As a direct and proximate result of the acts, omissions, negligence, carelessness and/or unlawfulness of defendant Taser International, Inc., Jaime Coronel died and Plaintiffs were damaged.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SEVENTH CAUSE OF ACTION

(WRONGFUL DEATH AGAINST TASER INTERNATIONAL, INC. AND DOES 11 THROUGH 20, INCLUSIVE)

48. Plaintiffs incorporate by reference paragraphs 1 through 44 as

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

set forth fully hereinafter.

49. As a direct result of the conduct of defendants Taser International, Inc. and Does 11 through 20, inclusive's acts or omissions Jaime Coronel died.

50. The death of Jaime Coronel was proximately caused by the conduct, acts or omissions of defendants Taser International, Inc. and Does 11 through 20 through their wrongful acts or neglect.

51. The death of Plaintiffs has caused pecuniary or compensable loss to plaintiffs, the lawful heirs of Jaime Coronel as defined in Code of Civil Procedure section §377.10 et seq; to wit, Plaintiffs Elvira Teran and Stephanie Lizaola, As Guardian Ad Litem for: Angela Alyssa Teran, a minor child, Jennifer Lisette Teran, a minor child, and Briana Isabel Teran, a minor child.

## EIGHTH CAUSE OF ACTION

(SURVIVAL ACTION AGAINST COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE)

52. Plaintiffs incorporate by reference paragraphs 1 through 20 as set forth fully hereinafter.

53. Prior to decedent's death, decedent incurred medical and hospital and burial expenses as a direct and proximate result of defendant's wrongful acts or omissions described in this complaint.

54. Prior to decedent's death, COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10, INCLUSIVE, did so maliciously, wrongfully, illegally, intentionally, oppressively assault and batter and otherwise strike decedent about his body, causing injuries and pain and suffering.

55. As a direct and proximate result of defendants' wrongful acts or omissions described in this cause of action, decedent suffered

damages and injuries.

56. In the wrongful acts or omissions described in this cause of action, defendants acted with fraud, oppression, and/or malice.

57. By reason of defendant's wrongful acts or omissions described in this complaint, decedent's successor in interest is entitled to recover punitive and exemplary damages.

WHEREFORE, PLAINTIFFS pray as follows:

1. For compensatory damages in an amount according to proof at trial;

2. For special and general damages in an amount according to proof at trial;

3. For reasonable costs and attorneys' fees under applicable law;

4. For punitive damages under the survival cause of action;

5. For such other and further relief as the Court may deem appropriate.

DATED: September 13, 2006      LAW OFFICE OF MICHAEL D. LIBERTY

By: _____
Michael D. Liberty
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

# COUNTY OF MONTEREY
### SALINAS, CALIFORNIA

**AMENDMENT** — CERTIFICATE OF DEATH — 3200827000228

| | | | |
|---|---|---|---|
| JAIME | TERAN | CORONEL | |
| JOHNNY - TERAN | 08/19/1978 | 27 | M |
| CA | 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 | NEVER MARRIED | 01/31/2006 1742 |
| 10 | [X] MEXICAN AMERICAN | [ ] CAUCASIAN | |
| LABORER | RECYCLING | | 0 |

14150 CAMPAGNA WAY
WATSONVILLE — MONTEREY — 95076 — 27 — CA

ELVIRA TERAN, MOTHER — 14150 CAMPAGNA WAY, WATSONVILLE, CA 95076

ALFREDO — CORONEL — MX
ELVIRA — TERAN — MX

02/07/2006 — WATSONVILLE, CA 95076 — PIONEER CEMETERY — 6873
BU — MEHL'S COLONIAL CHAPEL — FD323 — HUGH STALLWORTH, MD, MPH — 02/06/2006

SALINAS VALLEY MEMORIAL HOSPITAL — 450 E ROMIE LANE — MONTEREY — SALINAS

PENDING — AMENDED — 20060106

THOMAS JENKINS — 02/02/2006 — THOMAS JENKINS, DEPUTY CORONER

CERTIFIED COPY OF VITAL RECORDS

*0003596119*

STATE OF CALIFORNIA } ss
COUNTY OF MONTEREY

This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Monterey County Clerk-Recorder.

STEPHEN L. VAGNINI
County Clerk-Recorder

DATE ISSUED **SEP 0 5 2006**  ATTEST

This copy not valid unless prepared on engraved border displaying seal and signature of Deputy County Clerk-Recorder.

**EXHIBIT A**



# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF MONTEREY
## SALINAS, CALIFORNIA

### PHYSICIAN/CORONER'S AMENDMENT
### DEATHS AFTER 1-1994

NO ERASURES, WHITEOUTS, OR OTHER ALTERATIONS
USE BLACK INK ONLY

STATE FILE NUMBER: 3052006002100
LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER: 3200927000229

**1.1**

## PART I — INFORMATION TO LOCATE RECORD

| | 1. NAME—FIRST (GIVEN) | 2. MIDDLE | 3. LAST (FAMILY) | 4. SEX |
|---|---|---|---|---|
| NAME AS IT APPEARS ON RECORD | JAIME | TERAN | CORONEL | M |
| ADDITIONAL INFORMATION TO LOCATE RECORD | 5. DATE OF EVENT—MM/DD/CCYY 01/31/2006 | 6. CITY OF OCCURRENCE SALINAS | 7. COUNTY OF OCCURRENCE MONTEREY | |

## PART II — STATEMENT OF CORRECTIONS

| ITEM NUMBER | 8. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 9. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | PENDING | ANOXIC ENCEPHALOPATHY |
| 107AT | | 8 DAYS |
| 107B | | CARDIORESPIRATORY ARREST |
| 107BT | | 8 DAYS |
| 107C | | ACUTE METHAMPHETAMINE AND COCAINE INTOXICATION |
| 107CT | | 8 DAYS |
| 112 | | TASER APPLICATION AND STRUGGLE WITH POLICE |
| 119 | PENDING INVESTIGATION | ACCIDENT |

LIST ONE ITEM PER LINE

2 OF 2

### DECLARATION OF CERTIFYING PHYSICIAN OR CORONER

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| 11. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 12. DATE SIGNED—MM/DD/CCYY | 13. TYPED OR PRINTED NAME AND TITLE/LICENSE NO OF CERTIFIER |
|---|---|---|
| ▶ THOMAS JENKINS | 02/28/2006 | DEPUTY CORONER |
| 14. ADDRESS—STREET AND NUMBER | 15. CITY | 16. STATE | 17. ZIP CODE |
| 1414 NATIVIDAD ROAD | SALINAS | CA | 93906 |

### STATE/LOCAL REGISTRAR USE ONLY

| 18. OFFICE OF VITAL RECORDS OR SIGNATURE OF LOCAL REGISTRAR | 19. DATE ACCEPTED FOR REGISTRATION—MM/DD/YY |
|---|---|
| ▶ STATE REGISTRAR - OFFICE OF VITAL RECORDS | 05/01/2006 |

STATE OF CALIFORNIA, DEPARTMENT OF HEALTH SERVICES, OFFICE OF VITAL RECORDS

*000359618*

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } ss
COUNTY OF MONTEREY

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Monterey County Clerk-Recorder.

STEPHEN L. VAGNINI
County Clerk-Recorder

DATE ISSUED: SEP 0 5 2006   ATTEST: _____

This copy not valid unless prepared on engraved border displaying seal and signature of Deputy County Clerk-Recorder.