UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELVIRA TERAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY, et al., <br><br> Defendants. | Case No.: C 06-6947 JW (PVT) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE: DEPOSITION OF DEFENDANT SHERIFF MIKE KANALAKIS** |

On April 11, 2008, Defendants filed a motion for protective order seeking to preclude the deposition of Defendant Sheriff Mike Kanalakis.[1] Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Defendants' motion is DENIED.

Defendants have not shown that requiring Defendant Kanalakis to appear for deposition would impose an undue burden on him that would warrant quashing the subpoena. "A strong showing is required before a party will be denied entirely the right to take a deposition." *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

protective order ordering plaintiff not to depose Herald-Examiner's publisher where movant had not met heavy burden of showing why discovery should be denied); *see also,* FED.R.CIV.PRO. 26(c) (authorizing protection from *undue* burden "for good cause shown").

Here, Defendants submit nothing more than conclusory assertions by counsel, such as her contention that Kanalakis "is extremely busy on a daily basis." There is no declaration on personal knowledge stating *specific facts* regarding Kanalakis' current schedule from which the court could conclude that it would be unduly burdensome for Kanalakis to appear for deposition. Absent at least *some* actual showing of undue burden, there is no Ninth Circuit authority for requiring Plaintiffs to use purportedly less burdensome means of obtaining the discovery before allowing this deposition of a County Sheriff.

The cases relied on by Defendants appear to allow an assumption that a deposition imposes a burden on high government officials that is inherently "undue" absent extraordinary circumstances. However, aside from one district court case, the cases that precluded depositions of government officials involved heads or senior executives of federal agencies.[2] And two of the cases cited by Defendants actually *allowed* the respective trial testimony and deposition without requiring any showing of extraordinary circumstances. *See Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005) (denying motion *in limine* seeking to preclude plaintiff from calling Los Angeles County Sheriff to testify at trial); *Mansourian v. Board of Regents of University of Cal. at Davis*, 2007 WL 4557104 (E.D. Cal. 2007) (denying motion to preclude deposition of Chancellor of the University of California at Davis).

The only authority cited by Defendants in which a court granted a protective order precluding the deposition of a County Sheriff is an unpublished district court order in *Avalos v. Baca*, Centrial District of California Case No. CV 05-07602 DDP (order dated October 16, 2006). However, in that case the court appears to have applied to a County Sheriff, without any explanatory analysis, the assumption of undue burden which has been developed for high federal officials such as the heads

---

[2] *See Kyle Engineering Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979) (finding district court did not abuse its discretion in precluding deposition of Administrator of Small Business Administration); *Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9 (D. Mass. 1990) (granting a motion to quash deposition subpoena directed to the Director of Exempt Organizations Technical Division, National Office of the I.R.S.).

and senior executives of federal agencies. This court finds more persuasive the *Green v. Baca* case (involving the same Sheriff as in *Avalos v. Baca*), in which the court did not require the plaintiff to show "extraordinary circumstances" before deposing the Sheriff. *See Green v. Baca*, 226 F.R.D. at 648-50; *see also, Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 369-70 (N.D.Cal. 2000) ("A chief of police is not necessarily a high government official as in the cases cited by Defendants. Research by the court reveals several cases where police chiefs were deposed, without any special showing").

Plaintiffs note, and Defendants do not dispute, that in his capacity as Sheriff, Kanalakis is the final policymaker for the Monterey County Sheriff's Department. Because the present lawsuit includes a *Monell* cause of action that raises issues regarding the existence and implementation of Defendants' policies governing the training and supervision of Deputy Sheriffs, here, as in *Green v. Baca*, "it cannot be said that [Kanalakis] has no personal knowledge of the facts at issue." *See Green v. Baca*, 226 F.R.D. at 649.

Sheriff Kanalakis has relevant personal knowledge and he has made no factual showing that appearing for deposition would subject him to any undue burden. Under these circumstances and the controlling Ninth Circuit authority, Plaintiffs are entitled to depose him. *See Blankenship v. Hearst Corp.*, 519 F.2d at 429.

Dated: *5/8/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge